UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KATHY J. BURAS** | **CIVIL ACTION** |
| **versus** | **No. 05-2671** |
| **LOUIS A. GERDES, JR.** | **SECTION "C"** |

**ORDER AND REASONS**

Before the Court is Defendant's, Louis A. Gerdes, Jr. ("Gerdes" or "Defendant"), Motion for Judgment on the Pleadings or for a More Definite Statement, pursuant to Fed. R. Civ. P. 12(c) and Fed. R. Civ. P. 12(e), respectively (Rec. Doc. 12).  The Plaintiff has failed to file an opposition.  Having considered the motion, the record and all applicable law,  IT IS ORDERED that Defendant's Motion for Judgment on the pleadings is **GRANTED**.   IT IS FURTHER ORDERED that Defendant's motion for a More Definite Statement is **DISMISSED AS MOOT**.

**I. Standard of Review**

In reviewing a motion under Rule 12(c), the Court must base its decision solely on the pleadings. The court in Park Center, Inc. v. Champion International Corp., 804 F. Supp. 294, 301 (S.D. Ala. 1992), summarized the standard of review succinctly:

> On a motion for judgment on the pleadings, Federal Rule of Civil

> Procedure 12(c) requires the Court to view the pleading in the light most favorable to, and to draw all reasonable inferences in favor of, the non-movant. The Court may grant judgment on the pleadings if it appears beyond doubt that the non-movant can plead or prove no set of facts . . . which would entitle him to relief.

This Court adopts the Park Center standard and applies it to the claims presented in this case. See also, Youngblood v. Bender, 2000 WL 1059782 (E.D. La. 2000).

**II. Analysis**

In the case at bar, Kathy J. Buras ("Ms. Buras" or "Plaintiff"), filed suit against Gerdes, alleging that he committed a tort against her husband. Ms. Buras is not an attorney and she proceeds as a pro se plaintiff. The pleadings indicate that she is bringing this suit for the harms against her husband that resulted from Gerdes' alleged attempt to take Mr. Buras' life. Ms. Buras never states that she suffered any personal harm. Essentially, she is bringing the suit for injuries and damages allegedly suffered by her husband, who is still alive.

It is well established that a plaintiff must have standing to bring a suit in Federal Court. The Constitution requires that a plaintiffs have a "case or controversy" to bring before the Court. U.S. CONST. art. III, § 2, cl. 1. This means that the plaintiff must show that the conduct of which she complains has caused her to suffer an "injury in fact" that a favorable judgment will redress. Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 12, 124 S. Ct. 2301, 159 L.Ed.2d 98 (2004), citing, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992). The court has also outlined some prudential requirements on standing. According to Supreme Court jurisprudence, there is a general prohibition on a litigant's raising another person's legal rights. Id., citing, Allen v. Wright, 468 U.S. 737, 751, 104 S. Ct. 3315, 82

L.Ed.2d 556 (1984).

Ms. Buras is trying to assert her husband's legal rights.  She is not an attorney and cannot bring her husband's claims on his behalf.  He must asset his own claims or do so through a qualified attorney.  According to Supreme Court jurisprudence, Ms. Buras lacks standing to bring claims for injuries that she did not personally suffer.  Therefore, she has failed to state a claim upon which relief can be granted.

### III. Conclusion

It IS ORDERED THAT:

1. The Defendant's Motion for Judgment on the Pleadings is **GRANTED**;

2. The Defendant's Motion for a More Definite Statement is **DISMISSED AS MOOT**;

3. The Plaintiff's suit is **DISMISSED** without prejudice.

New Orleans, Louisiana, this 28th day of August, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE